IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEVEN H. BYLE, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:23-cv-144-RAH |
| | ) | |
| MAGGIE ADAMS 1, an Alabama Business Trust, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

On October 17, 2023, the Magistrate Judge recommended dismissal of the case with prejudice. On October 30, 2023, Plaintiff Stephen Byle filed Objections (Doc. 18) to the Recommendation (Doc. 17) of the Magistrate Judge.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 23 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Gopie*, 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 783–

85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

Byle objects to the Magistrate Judge's conclusion that there is a lack of subject matter jurisdiction because the assignment from Jean Dean to Byle violates 28 U.S.C. § 1359. Byle contends that he a citizen of Florida and that the Trust is an Alabama business trust, meaning it is a citizen of Alabama. (Doc. 1.) The Trust argues that the assignment that gives rise to Byle's claim was made "improperly or collusively" to create diversity jurisdiction. (Doc. 7 at 9–10.) According to the assignment (Doc. 1-1), Dean (Assignor) is located in Houston County, Alabama and Byle (Assignee) is located in Florida. The assignment from Dean to Byle reads in its entirety as follows:

> This Assignment is made by and between Jean Adams Dean, ("Assignor"), located at 708 Moss Street, Dothan[,] Alabama, and Steven H[.] Byle ("Assignee"), subject to the following terms and conditions:
>
> For value received consisting of $100 and other good and valuable consideration, the Assignor sells, assigns, and transfers to the Assignee all right, title, and interest to the causes of action listed in any action to (1) recover monies paid for Monty Ervin to defend litigation brought against while he as purportedly Trustee of Maggie Adams 1, an Alabama Business Trust, and (2) any action to determine who is the rightful owner of the beneficial interest of numerous trusts created by Monty Ervin and Patricia Ervin which were initially transferred to Maggie Adams 1, and later transferred by Monty Ervin to Jean Adams Dean; and (3) Any other claims she may have against Maggie Adams 1, and/or its Trustees and beneficiaries in either their representative or personal capacities. The laws of the State of Florida shall govern this agreement.

28 U.S.C. § 1359 provides "[a] district court shall not have jurisdiction over a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." Assignments may be collusive when the assignor retains an interest in the assigned claims, the assignee has no previous connection to the matter, and the assignment is made for the sole purpose of accessing the federal courts. *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 827–28 (1969); *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F. 3d 1309, 1315 (11th Cir. 2007). Bona fide, absolute transfer of claims is proper, so long as the transfer was "actual, not feigned or merely colorable." *Ambrosia Coal*, 482 F.3d at 1315 (quotations omitted). Determining whether a transfer is collusive is a two-step process where a court should examine (1) whether consideration was exchanged for the assignment, and (2) whether the assignment constituted an absolute transfer of rights or interests. *Id.* at 1315–16.

The Magistrate Judge held that the assignment was in violation of 28 U.S.C. § 1359 for three reasons: (1) the consideration was nominal, (2) the assignment was not absolute, and (3) the timing of the assignment suggests collusion. Byle objects to all of these grounds and each will be addressed more below.

First, Byle objects to the Magistrate Judge's finding that the consideration involved in the transaction was nominal. In the assignment, the consideration is described as "$100 and other good and valuable consideration." (Doc. 1-1.) The Magistrate Judge reached his conclusion by relying on *Cross v. Allen*, 141 U.S. 528 (1891), and *Lehigh Mining & Manuf. Co. v. Kelly*, 160 U.S. 327 (1895). These cases provided examples of how consideration for potentially large recoveries is not collusive, so long as *valuable* consideration is paid. Byle has failed to specifically allege what "other good and valuable consideration" were given to Dean for the assignment.

Second, Byle objects to the Magistrate Judge's finding that the assignment was not an absolute transfer of rights or interests. (Doc. 17 at 9–10.) Each of the three provisions of the assignment only give Byle "all right, title, and interest to the *causes of actions* listed in any action . . ." related to recovering money by the previous trustee, to determine who is the right owner of "numerous subordinate trusts," and "any other claim [Dean] may have against Maggie Adams 1." (Doc. 1-1.) Despite Byle's contention to the contrary, the Magistrate Judge interpreted the language of the agreement using its "plain language" which limits Byle's rights to merely enforce claims that Dean herself could have brought. It does not transfer Dean's ownership interest in Maggie Adams 1 or its subordinate trusts, nor does it transfer any rights to Byle to pursue claims against *all* of the subordinate trusts, just *numerous* subordinate trusts.

Third, Byle's objection to the Magistrate Judge's finding that the assignment was suspiciously timed is due to be overruled. (Doc. 17 at 10.) Byle executed this assignment one month before filing his first suit in this Court. The Magistrate Judge was "concern[ed] that the assignment was executed to create diversity between the parties." (*Id.*) To support this concern, the Magistrate Judge cited to Eleventh Circuit precedent establishing that time may be considered in determining whether an assignment is collusive. Byle's mere quibbles over whether a 29-day or 31-day assignment would be more or less suspicious does not establish that the Magistrate Judge's finding of suspicious timing is in error.

Lastly, Byle objects to the Magistrate Judge's entire Report and Recommendation because, he argues, it was a factual attack and not a facial attack on jurisdiction, and factual attacks require a district court "to provide the [P]laintiff with an opportunity for discovery and for a hearing that 'is appropriate to the nature of the motion to dismiss.'" *Rance v. D.R. Horton, Inc.*, 316 F. App'x 860, 862 (11th

4

Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981)). Byle's argument is not persuasive. Facial attacks "require the court to merely look to see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1991) (cleaned up). Factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings such as testimony and affidavits, are considered." *Id.*

Here, there is no indication in the Report and Recommendation that the Magistrate Judge engaged in a factual attack analysis on subject matter jurisdiction. Although the Magistrate Judge did not explicitly state that he examined subject matter jurisdiction from the face of the Complaint, it is a reasonable inference that he did so. First, the Magistrate Judge did not rely on "matters outside of the pleadings, such as testimony and affidavits." *See Lawrence*, 919 F.2d at 1529. In fact, the only substantive document that was examined other than the Complaint itself that was the exhibit attached to it—the assignment. (Doc. 1-1; Doc. 17 at 8.) And second, the Magistrate Judge did not state any factual determinations he made to reach his conclusion; he only used Byle's pleadings to reach his conclusion that the assignment violates 28 U.S.C. § 1359. Since the Magistrate Judge did not determine a lack of subject matter jurisdiction on a factual basis, Byle had no right to have the "opportunity for discovery and a hearing."

Accordingly, upon an independent review of the record, it is

ORDERED as follows:

1. The Objections (Doc. 18) are **OVERRULED**;
2. The Recommendation (Doc. 17) is **ADOPTED**;

5

3. Defendant's Motion to Dismiss Complaint (Doc. 7) is **GRANTED**;

4. Plaintiff's Motion to Take Judicial Notice (Doc. 11) is **DENIED** as moot; and

5. The case is **DISMISSED** with prejudice

6. The Clerk of the Court is **DIRECTED** to close the case.

A separate Final Judgment will follow.

DONE, on this the 4th day of December 2023.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE